COFFMAN v. KIRBY.

4-6031
142 S. W. 2d 224

Opinion delivered July 8, 1940.

*Clyde Rogers* and *Shouse & Shouse,* for appellant.
*Cotton & Murray* and *M. A. Hathcoat,* for appellee.
McHANEY, J. Appellant and appellee were for about 30 years partners, engaged in the operation of a drug

store in the city of Harrison, prior to April 1, 1939. On March 6, of that year, appellant made appellee a written proposition of settlement of their partnership business, he agreeing to buy or sell on that basis. Appellee sold. Paragraph 5 of the written proposition provides: "We will bring the books up to date showing the amount that you owe the firm, which will be determined by the amount you have drawn in excess of the amount I have drawn from the firm. In this connection, and in a spirit of compromise and good fellowship, I will be willing to allow you as a credit upon the amount you owe the firm reasonable extra compensation for the time that I have been in the post office, a reasonable allowance for which, in my opinion, would be $100 a month. If we cannot agree as to this amount, I will be willing to leave the amount to the majority opinion of the other druggists in town, or a straight arbitration before three good citizens, you to pick one, I to pick one, and the two to pick the third."

The principal dispute between them arising out of the settlement relates to four bundles of cash slips or tickets showing cash withdrawals by appellee in the total sum of $3,304.41, in addition to his book account of $20,459.51. Appellant sought to charge appellee with the amount of these tickets, which the latter declined to accept. On a trial of this issue, the court found that, in the four bundles of tickets, there were 108 of them not dated, amounting to $1,575.77, and the court disallowed that amount as a charge against appellee, but did allow the remainder in the sum of $1,728.64. The refusal of the court to allow the undated tickets forms the basis of the direct appeal. There is a cross appeal from the allowance of the dated tickets and also from the refusal of the court to include in its decree a charge against appellant of the amount of his salary as postmaster at Harrison for four years at $225 per month. It appears that both parties had held public office at different times during the time of their partnership and that each had accounted to the firm for all emoluments of office received by them from such source. Their testimony is in direct conflict as to whether appellant should account

to the firm for his salary as postmaster. The court allowed appellee extra compensation during this four years, as a credit on the amount he owed the firm, at the rate of $100 per month or a total of $4,800, and appellee has cross appealed on this account.

We think the court erred in refusing to disallow as a charge against appellee all the tickets in the four bundles which had been stacked away in the safe for many years. On June 6, 1930, the parties had a settlement, or what they called an audit, and at that time appellee owed the firm $920.16, and at that time all the tickets were taken out or removed from the cash drawer. All the tickets in the four bundles which were dated bore date prior to this settlement. Many of them bore dates as far back as 1926, and many in subsequent years, but all prior to June 6, 1930. The undated tickets were in bundles with dated tickets and we must assume the undated ones were issued in the same period of time. We, therefore, conclude that all these tickets were taken into account in the settlement of June 6, 1930. In R. C. L. vol. 20, § 267, the rule is stated as follows: "After partners have mutually stated and adjusted an account, it will not be reopened except for fraud, mistake or duress."

Appellant was the bookkeeper for the firm and it was his duty to make the proper entries in the books with or without appellee's consent. The only excuse given for not doing so is that appellee would not consent. This does not appear to be a reasonable excuse in permitting these items to remain off the books for from 9 to 14 years.

The only other question presented is the refusal of the court to take into account appellant's salary as postmaster. We cannot agree that this salary should be split between the parties and enter into this account in this way, and the court was correct in so holding. In appellants offer of settlement, he agreed that appellee should credit upon the amount he owed the firm. "reasonable extra compensation for the time I have been in the

post office, a reasonable allowance for which, in my opinion, would be $100 a month." The offer was reasonable extra compensation, and he thought $100 per month reasonable. The acceptance of the offer did not bind appellee to accept $100 per month, but only reasonable compensation. During this time appellant made the income tax returns for the firm and he charged as expense a salary to appellee of $150 per month. In addition there is proof that such amount is reasonable and some evidence that the manager of such a drug store should get $175 per month. Under these facts we think the court erred in not allowing appellee a credit of $150 per month for the four years appellant was in the post office, or a total on this account of $7,200.

The judgment will, therefore, be affirmed on appeal and will be reversed and remanded on cross appeal with directions to allow appellee the credits herein determined. Each party will pay his own costs of the appeal.

HOLT, J., disqualified and not participating.